

FILED

JUN 27 2018

Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>TOMAS ALEXANDER DELAO,<br><br>Defendant/Movant. | Cause No. CR 15-42-BLG-SPW<br>CV 17-10-BLG-SPW<br><br>ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

This case comes before the Court on Defendant/Movant Tomas Alexander Delao's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Delao is a federal prisoner proceeding pro se.

Delao was advised that the allegations in his motion did not support an inference that counsel's performance was unreasonable or that the outcome of the proceeding could have been different. *See Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). He was given an opportunity to supplement some of his claims. He responded on October 23, 2017.

In reviewing Delao's submissions, the Court has refreshed its memory by consulting the rough transcripts of his change of plea and sentencing hearings. Pursuant to 28 U.S.C. § 753(f), the United States will be required to order the transcripts for the Court's file and for Delao.

1

## I. Preliminary Review

Before the United States is required to respond, the Court must determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) (*"Nicolas"*) (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). But the Court should "eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

On April 17, 2015, Delao was indicted on one count of possessing with intent to distribute five grams or more of actual methamphetamine, a violation of 21 U.S.C. § 841(a)(1). The caption of the indictment stated that conviction would carry a mandatory minimum penalty of ten years and a maximum of life imprisonment. *See* Indictment (Doc. 1) at 1-2.[1] Delao appeared in this Court on

---

[1] This was inaccurate. The caption was corrected at the time of Delao's change of plea

April 30, 2015, on a writ of habeas corpus *ad prosequendum*. *See* Order (Doc. 6); Writ (Doc. 7); Minutes (Doc. 8). Assistant Federal Defender David Merchant was appointed to represent Delao. *See* Order (Doc. 10).

On August 17, 2015, Delao pled guilty without a plea agreement. He did not dispute the facts set forth in the United States' Offer of Proof. *See* Minutes (Doc. 23); Offer of Proof (Doc. 20) at 3-4.

On November 5, 2015, Delao, acting *pro se*, wrote a letter to the Court. He was dissatisfied with counsel's "lack of contact and communication" with him. *See* Letter (Doc. 25) at 1. He also referred to a statement by counsel that "they were looking to charge other people and even possibly my Mother if I didn't change my plea." *Id.* He noted that "my penalty from the day I was charged was 10 to life," and after he agreed to plead guilty "I was informed it was only 5 to 40." *Id.* at 1-2. He suggested these were "scare tactics" used against him. He also stated there were "a few things I need resolved, so that they cannot be used against me at a later time" and noted that he wanted a "global plea agreement" and a drug evaluation and a mental or emotional evaluation. *See* Letter at 2. Counsel received a copy of the letter. *See* Docket Entry (Doc. 25).

On November 20, 2015, counsel moved to continue the sentencing hearing set for December 3, 2015. He explained that he had been out of the office on a

---

hearing. The issue is discussed in the analysis of his claims.

personal matter and needed more time to review objections to the presentence report with Delao. *See* Mot. to Continue (Doc. 27) at 1-2. The motion was granted. *See* Order (Doc. 28).

On December 1, 2015, counsel moved to withdraw from representation, stating that "Mr. Delao has had the benefit of advice from associates that has left no room for this relationship to be reestablished." Mot. to Withdraw (Doc. 29) at 2. The motion was granted and attorney Robert Kelleher was appointed to represent Delao. *See* Order (Doc. 30).

Sentencing was held on February 4, 2016. Delao was held responsible for 150 to 500 grams of pure methamphetamine, corresponding to a base offense level of 32. He received a three-level downward adjustment for acceptance of responsibility for a total adjusted offense level of 29. His criminal history category was VI. The advisory guideline range was 151 to 188 months. Delao was sentenced to serve 120 months in prison, concurrent with his state sentences, and followed by a five-year term of supervised release. *See* Minutes (Doc. 34); Judgment (Doc. 35) at 2-3; Statement of Reasons (Doc. 36) at 4 § VIII.

Delao did not appeal. His conviction became final fourteen days after judgment was entered, that is, on February 19, 2016. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). He timely filed his § 2255 motion on January 23, 2017. *See* 28 U.S.C. § 2255(f)(1).

## III. Claims and Analysis

Delao contends that counsel were ineffective in several respects. Although the claims raised for the first time in response to the Court's order are not timely, they will nonetheless be addressed on the merits.

Delao's claims are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). At this stage of the proceedings, Delao must allege facts sufficient to support an inference (1) that counsel's performance fell below an objective standard of reasonableness, *id.* at 687-88, and (2) that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. "[T]here is no reason . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

Delao's claims are reorganized here. Because he was advised of the requirements of the Strickland test and given an opportunity to respond, all remaining general allegations that counsel did not represent Delao's best interests are dismissed. *See, e.g.*, Mot. § 2255 (Doc. 39) at 5 ¶ 5C. His allegations that counsel unreasonably did or failed to do specific things are addressed below.

### A. "Scare Tactics"

Delao states that he pled guilty "for the fear of involving others," including his mother, "who had no such involvement, and also because he feared he was

5

looking at ten years to life imprisonment." Supp. at 4; *see also id.* at 2.

While he was committing the federal offense, Delao resided with his mother. She, like him, had a record of prior involvement in drugs. *See* Presentence Report ¶¶ 48, 50, 52. It was not unreasonable for prosecutors to believe she could be jointly responsible for Delao's drug trafficking or even solely responsible for the methamphetamine found in the residence. If the prosecutor was satisfied that Delao's guilty plea meant his mother was not responsible for it, that would not make Delao's plea invalid. *See, e.g., Brady v. United States*, 397 U.S. 742, 750 (1970) ("[E]ven if we assume that Brady would not have pleaded guilty except for the death penalty . . . this assumption . . . . does not necessarily prove that the plea was coerced and invalid as an involuntary act."). A defendant is free to choose to plead guilty to protect others who might otherwise be subject to charges themselves.

As to the penalty, it was not ten years to life but five to forty years—unless, that is, Delao had "a prior conviction for a felony drug offense." If he did, then he was subject to "a term of imprisonment which may not be less than 10 years and not more than life imprisonment." 21 U.S.C. § 841(b)(1)(B). He did. Delao was convicted in Yellowstone County in 2007 of felony criminal possession of dangerous drugs. *See* Presentence Report ¶ 37; *see also, e.g.,* 21 U.S.C. § 802(44); *United States v. Rosales*, 516 F.3d 749, 758 (9th Cir. 2008) (possession offense

6

year minimum and life maximum, all the prosecutor had to do was file an Information at any time "before trial, or before entry of a plea of guilty." 21 U.S.C. § 851(a). Counsel had to tell Delao about that possibility and that he could avoid filing of the Information by pleading guilty.

The transcript of the change of plea hearing shows that Delao knew the applicable mandatory minimum and maximum penalties at the time he pled guilty. He has not identified any reason to suppose a reasonable person in his position would have chosen to go to trial. *See, e.g., Hill v. Lockhart*, 474 U.S. 52, 59-60 (1985). He agreed that he admitted the offense in a recorded interview. *See* Offer of Proof (Doc. 20) at 3.

In light of the record of the case, Delao does not identify anything unreasonable about counsel's advice, nor is there a reasonable probability he would have decided to go to trial. Neither prong of the *Strickland* test is met. This claim is denied.

**B. Motion to Suppress**

Delao asserts that counsel should have filed a motion to suppress. *See* Supp. at 2-4. He explains that he was arrested at the probation office on December 5, 2014, "for providing his P.O. a dirty urine sample," *id.* at 2, which contained marijuana and methamphetamine, *see* Presentence Report ¶ 10. He was taken to jail, and probation officers "took the defendant's property containing keys to the

7

defendant's mother's residence." As noted above, Delao was living with his mother. *See id.* ¶¶ 10-11, 52. He claims the officers "proceeded to the residence and let themselves in using the defendant's keys." Supp. at 3. He contends that the entry and search "was a clear violation of the defendant's ... Fourth Amendment rights." *Id.* at 3.[2]

The terms of at least one of the state judgments against Delao provided, in part, that "[u]pon reasonable suspicion, as ascertained by the Probation & Parole Officer, the Defendant's person, vehicle, and/or residence may be searched at any time, day or night, without a warrant." Judgment at 2 ¶ 8, *State v. Delao*, No. DC 06-0781 (Mont. 13th Jud. Dist. Ct. Mar. 19, 2007) (obtained from United States Probation Office). Even a suspicionless search could have been authorized. *See Samson v. California*, 547 U.S. 843, 857 (2006). Especially in view of Delao's possession of methamphetamine on his person and in his vehicle just a few weeks earlier, *see* Presentence Report ¶¶ 7-9, Delao's "dirty" urinalysis provided reasonable suspicion to believe unlawful drugs or additional evidence or contraband would be found at his residence. The situation he describes is exactly what the search condition in paragraph 8 of the Judgment was designed to address. *See, e.g., Samson*, 547 U.S. at 853-54.

---

[2] Delao also claims the search violated his mother's Fourth Amendment rights. "Fourth Amendment rights are personal rights" and "may not be vicariously asserted." *Brown v. United States*, 411 U.S. 223, 230 (1973).

Delao claims probation officers lost jurisdiction over him, and the condition in his judgment no longer applied, because he was arrested and turned over to county detention officers. He cites no authority for this proposition. The Court is aware of none.

Any competent lawyer aware of the search condition in the state court's judgment could reasonably have declined to file a suppression motion. Had counsel filed one, there is no reasonable probability it would have been granted. Neither prong of the *Strickland* test is met. This claim is denied.

**C. Plea Agreement**

Delao alleges counsel should have obtained a plea agreement or some other, better outcome. *See* Mot. § 2255 at 4 ¶ 5A; Supp. at 7. He was ordered to explain "why he believes there is a realistic chance he might have been convicted of a lesser offense or received a lesser sentence." Order (Doc. 41) at 2. He did not do so. The Court notes, in addition, that plea agreements offered by the United States in this District frequently require a waiver of appeal and other rights. As a result, when a defendant is charged with a single count, as Delao was, there is little benefit in a plea agreement. Neither prong of the *Strickland* test is met. This claim is denied.

**D. Continuance of Sentencing**

Delao objects to counsel filing a motion to continue the sentencing hearing

without consulting with him first. *See* Supp. at 5. The Constitution does not require the defendant to consent to such a motion, and Delao identifies no possible prejudice. Neither prong of the *Strickland* test is met. This claim is denied.

### E. Objections

Delao objects that both counsel failed to present "certain objections" to the presentence report. Mot. § 2255 at 4 ¶ 5A. He was ordered to "make the objection he wanted to make to the presentence report." Order (Doc. 51) at 1-2. He did not do so. *See* Supp. at 6 (counsel "told the defendant not to raise certain objections"). Neither prong of the *Strickland* test is met. This claim is denied.

### F. Credit for Time Served

Delao asserts that his federal sentence was ordered to run concurrently with his state sentences, but the Bureau of Prisons has not given him credit for time served before his federal sentence was pronounced. *See* Mot. § 2255 at 4 ¶ 5B; Supp. at 6-7.

Imposition of a concurrent sentence does not entitle a defendant to credit for time served before the federal sentence commences. Both the date the sentence commences and whether credit is due for time served are determined by statute. *See* 18 U.S.C. § 3585(a), (b). A sentencing court does not have the authority to tell the Bureau of Prisons how much credit is due under § 3585(b). *See United States v. Wilson*, 503 U.S. 329, 333-36 (1992). Delao's allegations do not support an

inference of error or ineffective assistance. This claim is denied.

### G. Time to Appeal

Delao states that counsel failed to tell him he had only 14 days to file a notice of appeal. *See* Mot. § 2255 at 4 ¶ 5A; Supp. at 6. Even assuming that is true, Delao cannot show prejudice. At the conclusion of the sentencing hearing, the Court advised him he had 14 days to appeal. *See, e.g.*, Fed. R. Crim. P. 32(j)(1)(B).

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

None of Delao's claims meets the relatively low threshold for a COA. Apart from any prior conviction, Delao faced a statutory sentencing range of five to 40 years, but until Delao pled guilty the United States could have elevated his range to

years, but until Delao pled guilty the United States could have elevated his range to ten years to life under 21 U.S.C. § 851. Delao's mother's involvement in drug trafficking was a realistic possibility, not a means of coercing Delao to plead guilty. The search of Delao's residence was supported by the conditions of his suspended sentence and by reasonable suspicion based on a urinalysis test that was positive for marijuana and methamphetamine. A plea agreement likely would have required Delao to waive rights he retained with an open plea, and there is no reason to suppose he would have gained some advantage with a plea agreement, so counsel's advice to enter an open plea was reasonable. Delao was not prejudiced by a continuance of the sentencing hearing or by counsel's failure to make "certain objections" that Delao has declined to specify. Imposition of a concurrent sentence does not entitle a defendant to credit for time served before the federal sentence commences. And even if counsel did not tell Delao how much time he had to appeal, Delao suffered no prejudice, because the Court told him he had 14 days.

Reasonable jurists would find no basis to debate the merits of Delao's claims. A COA is not warranted.

Accordingly, IT IS HEREBY ORDERED:

1. Pursuant to 28 U.S.C. § 753(f), the Court CERTIFIES that the transcripts of the change of plea hearing, held on August 17, 2015, and the sentencing hearing, held on February 4, 2016, are required to decide the issues presented by

12

2. The United States shall immediately order the transcripts of those hearings for the Court's file, with copies to be delivered to Tomas Alexander Delao, BOP #11757-046, FCI Florence, Federal Correctional Institution, P.O. Box 6000, Florence, CO 81226.

3. Delao's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Docs. 39, 42) is DENIED.

4. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Delao files a Notice of Appeal.

5. The Clerk of Court shall ensure that all pending motions in this case and in CV 17-10-BLG-SPW are terminated and shall close the civil file by entering judgment in favor of the United States and against Delao.

DATED this 26th day of June, 2018.

Susan P. Watters
United States District Court