IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TOMAS ALEXANDER DELAO,<br><br>Defendant. | CR 15-42-BLG-SPW<br><br>ORDER GRANTING EARLY TERMINATION OF SUPERVISED RELEASE |

Before the Court is Defendant Tomas Alexander Delao's Opposed Motion for Early Termination of Supervised Release. (Doc. 53). Delao was sentenced to 120 months of imprisonment, followed by five years of supervised release. (Doc. 35). His term of supervision commenced on November 22, 2023. (Doc. 54 at 2).

Delao seeks termination of his supervised release approximately 33 months before its scheduled expiration, asserting that he has obtained gainful employment, resides in permanent housing where he takes care of his disabled mother, attends one-on-one counseling, and maintains a healthy relationship with his girlfriend and her children. (*Id.* at 3). While his work at Western Sugar as a packing technician consumes most of his time, he spends some of his free time bowling. (*Id.*).

The Government opposes the Motion, contending that "the originally imposed sentence of five years of supervised release remains suitably tailored to the underlying conduct and the ongoing safety of the community." (Doc. 56 at 5). The

1

Government states that "Delao has not demonstrated that supervision hinders his daily activities or established exceptional reasons for early termination," arguing that "[c]ourts generally reserve early termination for defendants who exhibit exceptionally good behavior while on release." (*Id.* at 4 (citing *United States v. Ponce*, 22 F.4th 1045, 1047 n.1 (9th Cir. 2022)). United States Probation Officer Timothy Lowrance reports that Delao "has maintained clear conduct throughout his term of supervision other than a marijuana violation on August 14, 2024." (Doc. 54 at 6). He otherwise supports Delao's Motion.

As an initial matter, the Court rejects the Government's argument because it is premised on an incorrect statement of the governing law. The Government mischaracterizes Ninth Circuit precedent by asserting that a petitioner seeking early termination of supervised release must demonstrate undue hardship and exceptionally good behavior to prevail on the requested relief. That is incorrect. To the contrary, the very case the Government cites makes clear that: (1) a petitioner for early termination of supervised release need not demonstrate undue hardship and (2) the "exceptional behavior" rule is incorrect as a matter of law. *Ponce*, 22 F.4th at 1047.

In applying the proper standard, the Court concludes that Delao is eligible for early termination of supervised release. After one year of supervised release, a court may terminate supervision "if it is satisfied that such action is warranted by the

conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The district court has broad discretion in determining whether early termination is appropriate. *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).

Full compliance with supervised release is expected and does not, by itself, justify early termination. *United States v. Misraje*, 888 F.3d 1113, 1116 (9th Cir. 2018) ("It is a supervisee's obligation to strictly comply with the terms of supervised release."); *see also* 18 U.S.C. § 3583(e)(3).

In evaluating a request for early termination, courts must consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3583(e). These include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

*United States v. Smith*, 219 F. App'x 666, 667 n.3 (9th Cir. 2007) (citing 18 U.S.C. § 3553(a)).

The court may also wish to consider such factors as: any history of violations; the defendant's ability to self-manage lawfully; overall compliance with conditions; engagement in prosocial activities and supports; demonstrated reduction or

3

maintenance of low risk level; and whether ending supervision would jeopardize public safety based on the offense, criminal history, institutional record, reintegration efforts, and any other relevant factors. U.S. Sent'g Guidelines Manual § 5D1.4 cmt. n.1(B)(i–vi) (U.S. Sent'g Comm'n 2025).

Here, consideration of the § 3553(a) factors support granting Delao's Motion despite the seriousness of the underlying charge and his one violation while on release. Overall, Delao has demonstrated his ability to self-manage lawfully and substantially comply with the conditions of his supervision. By maintaining stable employment, and receiving multiple promotions at his workplace, Delao has shown he can be a productive member of society. He pursues rehabilitative measures through one-on-one counseling, and he resides in stable housing while caring for his ailing mother. Further, Delao is actively engaged in prosocial activities with his girlfriend and her children, and group engagements, such as bowling.

The Court is satisfied with Delao's conduct on release and finds that the interest of justice warrants his early termination. Accordingly, IT IS HEREBY ORDERED that Defendant Tomas Alexander Delao's Opposed Motion for Early Termination of Supervised Release (Doc. 53) is GRANTED.

Tomas Alexander Delao's supervised release is terminated as of the date of this Order. The Clerk shall forthwith notify the parties and the U.S. Probation Office of the making of this Order.

DATED this \_\_24th\_\_ day of February, 2026.

                                               _Susan P. Watters_
                                               SUSAN P. WATTERS
                                               United States District Judge